IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RELIANCE STANDARD LIFE INSURANCE COMPANY,<br>    Plaintiff,<br><br>    v<br><br>SHERRY WINIARSKI, RYAN WINIARSKI *and* ANDREW WINIARSKI,<br>    Defendants. | 2:12-cv-123 |
| SHERRY L. WINIARSKI,<br>    Plaintiff,<br><br>    v<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY,<br>    Defendant. | 2:12-cv-255 |

## MEMORANDUM OPINION AND ORDER OF COURT

These related cases arise out of competing claims to the proceeds of a life insurance policy. Pending in Civil Action No. 12-123 (the "Interpleader Action") is the MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (Document No. 9), with brief in support, filed by Sherry Winiarski. Reliance Standard Life Insurance Company (the "Insurer" or "Reliance"), and Ryan and Andrew Winiarski (the "Sons") filed briefs in opposition to the motion. Also pending in the Interpleader Action is PLAINTIFF'S MOTION TO CONSOLIDATE (Document No. 12) filed by Reliance. Pending in Civil Action No. 12-255 (the "Removal Action") is DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Document No. 2), filed by Reliance, with brief in support. The Plaintiff in the Removal Action, Sherry Winiarski,

1

filed a response and brief in opposition, and Reliance filed a reply brief.  The motions in both cases are ripe for disposition.

Factual and Procedural Background

Michael Winiarski died on September 28, 2011.  At the time of his death, Sherry Winiarski was his wife.  Ryan and Andrew Winiarski, born to Michael Winiarski's first wife, Linda, were his only children.  Michael and Linda (Winiarski) Potts divorced in 1996.

As part of their divorce, Michael and Linda entered into a Property Settlement Agreement dated December 5, 1994.  Of particular relevance, ¶ 5(c) of the Agreement provided:  "If either party should remarry, then the parties agree to keep the children, Ryan Winiarski and Andrew Winiarski as beneficiaries of one half of all life insurance policies."

At the time of his death, Michael Winiarski was insured under a group life insurance policy issued by Reliance to his employer, Tuomey Healthcare System.  On April 11, 2011, Michael designated his wife Sherry as the primary beneficiary under the policy.  The Sons were named as contingent beneficiaries.  Life insurance proceeds of $355,000 became payable upon Michael's death.

Reliance has received competing claims for the proceeds of the life insurance policy. Sherry Winiarski claims 100% of the proceeds due under the policy.  The Sons claim 50% of the proceeds due.  Reliance has already paid Sherry the 50% share that is uncontested.  It now seeks to interplead the remaining 50% share of the proceeds, in the amount of $177,500.

On February 3, 2012, Reliance filed the instant Interpleader Action in this Court.  The Sons have filed an Answer in the Interpleader Action, in which they assert their right to the remaining insurance policy proceeds.  On January 30, 2012, Sherry Winiarski initiated the

Removal Action by filing a Complaint against Reliance in the Court of Common Pleas of Lawrence County, Pennsylvania for breach of contract. The Sons were not named as parties in the Removal Action. On February 29, 2012, Reliance filed a Notice of Removal. The cases have been marked "related" pursuant to Local Rule 40.

Motion to Dismiss Interpleader Action

Sherry Winiarski seeks dismissal of the Interpleader Action. She reasons that Reliance has no basis for interpleading the insurance proceeds because the 2011 beneficiary designation is unambiguous. Sherry Winiarski contends that although the Sons may have claims against their father's estate, they have no valid claims against Reliance under the policy.

The Sons contend that their claims to the insurance proceeds are not merely sufficiently plausible to defeat the motion to dismiss, but are superior to that of Sherry Winiarski. In support of their position, they cite *Torchia v. Torchia*, 499 A.2d 581, 583 (Pa. Super. 1985) (a promise, made as part of a separation agreement, to maintain a policy of insurance designating children as beneficiaries vests in such children an equitable interest in the policy which is superior to that of a second wife who is later gratuitously named as a beneficiary). Reliance contends that the motion to dismiss is premature, because it focuses on the merits of the competing claims to the proceeds rather than the appropriateness of the interpleader action.

The Court agrees with Reliance. In *Prudential Ins. Co. of America v. Hovis,* 553 F.3d 258, 262 (3d Cir. 2009), the Court of Appeals for the Third Circuit summarized the purpose of an interpleader action:

> The purpose of the interpleader device is to allow "a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." Accordingly, interpleader allows a stakeholder

>who "admits it is liable to one of the claimants, but fears the prospect of multiple liability[,] ... to file suit, deposit the property with the court, and withdraw from the proceedings." The result is that "[t]he competing claimants are left to litigate between themselves," while the stakeholder is discharged from any further liability with respect to the subject of the dispute.

*Id*. (citations omitted). The Court recognized two distinct stages for resolution of interpleader cases:

>During the first stage, the court determines whether the interpleader complaint was properly brought and whether to discharge the stakeholder from further liability to the claimants. During the second stage, the court determines the respective rights of the claimants to the interpleaded funds.

*Id*. (citations omitted).

The Interpleader Action is presently in the first stage. Reliance alleges that: (1) there are competing claims for the insurance proceeds which put it at risk of multiple liability; (2) it disclaims any interest in the proceeds; and (3) it has "clean hands." Reliance seeks to deposit the proceeds with the Court. Accordingly, all of the elements of a statutory interpleader action pursuant to 28 U.S.C. § 1335 have been pled.[1] At the first stage, the Court need not resolve the merits of the competing claims of Sherry Winiarski and the Sons.[2] The Court concludes that both claims are sufficiently meritorious to render Reliance's use of the interpleader mechanism appropriate. Indeed, this case appears to be perfectly suited for interpleader. Resolution of the competing claims of Sherry Winiarski and the Sons must await further proceedings. Accordingly, the MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (Document No. 9) will be **DENIED**.

---

[1] The Court is satisfied that it may exercise subject-matter jurisdiction pursuant to § 1335 because there is "minimal diversity" among claimants and the amount in controversy exceeds $500. *See Metropolitan Life Ins. Co. v. Price*, 501 F.3d 271, 275-76 (3d Cir. 2007) (also recognizing federal question jurisdiction under ERISA).

[2] The Court notes that the language of the Property Settlement Agreement in this case is slightly different than that at issue in *Torchia*. Moreover, it appears that this case may involve a life insurance policy which was obtained well after the dissolution of the first marriage, while the issue in *Torchia* was whether the children would be maintained as beneficiaries on insurance policies that the decedent already owned when the settlement was executed.

Motion to Dismiss Removal Action

Reliance filed a Motion to Dismiss the Complaint at Civil Action No. 12-255 (Document No. 2) with prejudice. Reliance contends that Sherry Winiarski failed to join the Sons as indispensable parties pursuant to Fed. R. Civ. P. 12(b)(7) and Fed. R. Civ. P. 19. In her response, Sherry Winiarski does not address the "indispensable party" issue. Instead, she argues that because Reliance had not received valid competing claims[3] to the insurance proceeds, filing the Interpleader Action rather than paying the proceeds to her constituted a breach of contract.

The Court of Appeals for the Third Circuit faced an analogous situation in *Hovis*, 553 F.3d at 265. In *Hovis*, the insurer had instituted an interpleader action to determine competing claims to life insurance proceeds and one of the claimants filed counterclaims against the insurer for breach of contract and bad faith. The district court concluded that the interpleader action was properly brought and dismissed the counterclaims. The Court of Appeals affirmed. It held that "where a stakeholder is blameless with respect to the existence of the ownership controversy, the bringing of an interpleader action protects it from liability to the claimants both for further claims to the stake and for any claims directly relating to its failure to resolve that controversy." *Id*. at 265. The Court reasoned:

> To allow Prudential to be exposed to liability under these circumstances would run counter to the very idea behind the interpleader remedy—namely, that a "stakeholder [should] not [be] obliged at his peril to determine which claimant has the better claim." *Bierman v. Marcus*, 246 F.2d 200, 202 (3d Cir.1957). Put another way, where a stakeholder is allowed to bring an interpleader action, rather than choosing between adverse claimants, its failure to choose between the adverse claimants (rather than bringing an interpleader action) cannot itself be a breach of a legal duty. *See Lutheran Bhd. v. Comyne*, 216 F.Supp.2d 859, 862 (E.D. Wis. 2002) (holding that the bringing of a valid interpleader action shields a plaintiff from liability for counterclaims where those "counterclaims are essentially based on the plaintiff's having opted to proceed via an interpleader

---

[3] That the Sons have, in fact, asserted a claim to the insurance proceeds is demonstrated by Sherry Winiarski's Complaint at ¶ 11; by their Answer in the Interpleader Action; and by the October 13, 2011 letter attached to Reliance's reply brief.

5

> complaint rather than having chosen from among competing adverse claimants"); *Metropolitan Life Ins. Co. v. Barretto*, 178 F.Supp.2d 745, 748 (S.D. Tex. 2001) (holding that interpleader protection extends to counterclaims that arise from "utilizing the protections afforded by the interpleader"). Accordingly, the District Court was correct to conclude that, given the nature of these particular counterclaims, Prudential's having brought an appropriate interpleader action shields it from any liability relating to those claims.

*Id*. The same analysis applies here. As in *Hovis*, Sherry Winiarski alleges that Reliance breached its contract by instituting an interpleader action rather than paying the proceeds to her. As in *Hovis*, the insurer was blameless with respect to the existence of conflicting claims to the proceeds and properly instituted an interpleader action. It is immaterial that Sherry Winiarski's breach of contract claim against Reliance was brought in a separately-filed action, rather than as a counterclaim. To allow such a claim to proceed "would run counter to the very idea behind the interpleader remedy." *Id*. Because Reliance has brought an appropriate interpleader action, it is shielded from any liability as to Sherry Winiarski's breach of contract claim.[4]

In accordance with the foregoing, DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Document No. 2) filed by Reliance will be **GRANTED** and the Removal Action will be **DISMISSED WITH PREJUDICE.** Leave to file an amended complaint will not be permitted, as such amendment would be futile. Because Civil Action No. 12-255 will be dismissed, PLAINTIFF'S MOTION TO CONSOLIDATE (Document No. 12) will be **DENIED AS MOOT**.

An appropriate Order follows.

McVerry, J.

---

[4] The Court need not reach the other arguments asserted by Reliance.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RELIANCE STANDARD LIFE INSURANCE COMPANY,<br>        Plaintiff,<br><br>        v<br><br>SHERRY WINIARSKI, RYAN WINIARSKI *and* ANDREW WINIARSKI,<br>        Defendants. | )<br>)<br>)<br>) 2:12-cv-123<br>)<br>)<br>)<br>)<br>)<br>) |
| SHERRY L. WINIARSKI,<br>        Plaintiff,<br><br>        v<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY,<br>        Defendant. | )<br>)<br>)<br>) 2:12-cv-255<br>)<br>)<br>)<br>)<br>) |

**ORDER OF COURT**

AND NOW, this 3rd day of May, 2012, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that: in Civil Action No. 12-123, the MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (Document No. 9) filed by Sherry Winiarski is **DENIED**.

Pursuant to Fed. R. Civ. P. 67 and Local Rule 67.2, it is Ordered that Reliance shall deposit the sum of $177,500, plus any applicable interest, with the Clerk of Court forthwith. It is further Ordered that the Clerk deposit the entire sum, which represents the contested life insurance proceeds, into the Registry of the Court. As soon as the business of the office allows, the Clerk will deposit the money into an interest bearing account by delivering an appropriate

check to PNC Bank for deposit into a Business Premium Money Market account at the rate then obtaining.  In return the Clerk is to receive an indicia of ownership showing the account title which shall read:

> United States District Court for the
> Western District of Pennsylvania
> Clerk of Court, Trustee
>
> Civil Action No. 12-123

The depository, PNC Bank, shall continue to maintain the account until further order of Court and will pay to the Court a percentage of all interest earned to satisfy a handling fee set by the Judicial Conference.  The interest will be paid to the Court when the account is closed, matures, or rolls over.

On or before May 17, 2012, Sherry Winiarski shall file her Answer in the Interpleader Action.

In Civil Action No. 12-255, DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Document No. 2) is **GRANTED** and the Complaint is DISMISSED WITH PREJUDICE.  Civil Action No. 12-255 shall be docketed closed.  Accordingly, PLAINTIFF'S MOTION TO CONSOLIDATE (Civil Action No 12-123, Document No. 12) is **DENIED AS MOOT**.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:  **Joshua Bachrach, Esquire**
Email: Joshua.Bachrach@wilsonelser.com
**Lawrence P. Lutz, Esquire**
Email: lpm@zoominternet.net
**Ryan J. King, Esquire**
Email: rjk@pietragallo.com